**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**PEDRO TEPOX ESPINOZA,**

*Petitioner*,

v.

**DAVID VENTURELLA, *et al.*,**

*Respondents*.

No. 26-cv-08723

**ORDER**

**THIS MATTER** comes before the Court by way of a Petition for Writ of Habeas Corpus ("Petition") filed by Pedro Tepox Espinoza ("Petitioner") on July 14, 2026, (ECF No. 1); and

**WHEREAS**, Petitioner is a native and citizen of Mexico who entered the United States in or around September 2000. (*Id.* at 3; Resps.' Ex. A, ECF No. 6-1 at 2–3). After several encounters with immigration authorities and various state-law criminal charges, Petitioner pleaded guilty in 2022 to possession of a controlled substance, namely, "heroin/cocaine," in violation of N.J.S.A. § 2C:35-10A(1), and was sentenced to probation. (Resps.' Ex. A, ECF No. 6-1 at 4; Ex. C, ECF No. 6-3 at 7–13; Ex. D, ECF No. 6-4 at 2). Immigration officials arrested Petitioner on July 8, 2026, and he is currently detained at the Delaney Hall Detention Facility pending removal proceedings. (Pet., ECF No. 1 at 2; Resps.' Ex. A, ECF No. 6-1 at 4); and

**WHEREAS,** on July 15, 2026, this Court ordered Respondents to file an expedited answer by July 17, 2026, at 5:00 p.m., identifying, among other things, the specific statutory or other legal authority for Petitioner's detention. (ECF No. 3). Respondents timely submitted their answer and claim that Petitioner is lawfully detained without bond pursuant to 8 U.S.C. § 1226(c). (*See* Resps.' Br., ECF No. 6 at 2); and

**WHEREAS,** 8 U.S.C. § 1226(c) provides that "[t]he Attorney General shall take into

custody any alien" that "is inadmissible by reason of having committed any offense covered in [8 U.S.C. § 1182(a)(2)] . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation . . . ." 8 U.S.C. § 1226(c)(1)(A). In his reply brief, Petitioner apparently does not dispute that his 2022 conviction for "heroin/cocaine" qualifies as an offense under § 1182(a)(2). (*See* ECF No. 10 at 1 ("Petitioner in this case was convicted on July 28, 2022")). Rather, he argues that the language "when the alien is released" creates a "legal trigger" requiring "physical release" from criminal custody before immigration officials can lawfully detain a noncitizen convicted of a qualifying offense. (*Id.*). Thus, according to Petitioner, because he received probation and was never placed in physical custody following his qualifying conviction, the mandatory detention authorized by § 1226(c) does not apply to him. (*Id.*); and

**WHEREAS**, the Court agrees with Respondents that Petitioner is lawfully detained under 8 U.S.C. § 1226(c). Petitioner's reading of the phrase "when the alien is released" ignores the language that immediately follows, which authorizes mandatory detention "without regard to whether the alien is released on parole, supervised release, or probation." 8 U.S.C. § 1226(c)(1)(A) (emphasis added). That language all but forecloses Petitioner's contention that § 1226(c) applies only when immigration custody immediately follows physical criminal confinement, as the Attorney General may detain a qualifying noncitizen who has been released on probation, as occurred here; and

**WHEREAS**, Petitioner's reliance on *Sylvain v. Attorney General*, 714 F.3d 150 (3d Cir. 2013), is misplaced and, in fact, supports the Court's conclusion that § 1226(c) does not require release from physical confinement. There, the Third Circuit held that the phrase "when the alien is released" does not impose an immediacy requirement, meaning immigration authorities need not take a noncitizen into custody as he walks out of prison. *Sylvain*, 714 F.3d at 157. Indeed,

immigration authorities detained the petitioner in *Sylvain* four years after his release from physical custody. *Id.* at 153. Read together with the statutory language Petitioner omits, *Sylvain* makes clear that immigration officials may take a qualifying noncitizen into custody years after release and regardless of whether the noncitizen was released on parole, supervised release, or, as here, probation; and

**WHEREAS**, Petitioner's proposed "physical custody" requirement therefore conflicts with the statute's plain text. Because Petitioner otherwise falls within § 1226(c)'s scope as an inadmissible noncitizen, his mandatory detention is lawful; therefore

**IT IS,** on this 27th day of July, 2026,

**ORDERED** that the Petition is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**